■ RALPH H. KRESS, as Receiver, Appellant, v NORTHEAST INSURANCE COMPANY et al., Respondents, et al., Defendant. (And Two Other Actions.) — In an action to recover damages upon policies of insurance for fire losses, plaintiff appeals (1) from an order of the Supreme Court, Queens County (Miller, J.), dated January 4, 1983, which granted the motion by defendant New York Property Insurance Underwriting Association to sever plaintiff's action as against it from the action as against Northeast Insurance Company, and for a separate trial thereof, and (2) as limited by his brief, from so much of an order of the same court, dated May 18, 1983, as, upon reargument, adhered to its original determination. Appeal from the order dated January 4, 1983, dismissed, without costs or disbursements. That order was superseded by the order dated May 18, 1983, made upon reargument. Order dated May 18, 1983 affirmed, insofar as appealed from, without costs or disbursements. It was not error for Special Term to order that the action brought by plaintiff as against defendant Northeast Insurance Company be severed from the action as against defendant New York Property Insurance Underwriting Association. The respective causes of action against each defendant do not present similar

questions of law or fact as they set forth claims for different fire losses, which occurred at different times, and were covered by different insurance contracts issued by different insurers. Moreover, defendant New York Property Insurance Underwriting Association may be prejudiced unless the severance is sustained (CPLR 603; *Dreizen v Morris I. Stoler, Inc.,* 98 AD2d 759). Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.